**UNITED STATES DISTRICT COURT**

**IN THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Alonzo Voelker, Petitioner | " | |
| v. | " | Hon. Torres, E. (USDJ) |
| United States of America, Respondant | " | CR#00-18T |
| | " | |

**ADMINISTRATIVE NOTICE**

Comes Now, Alonzo Voelker, appearing in propria persona in forwarding this foregoing Administrative Notice to the Honorable Ernest Torres (USDJ). In which this document does not constitute a moving instrument, only to provide "notice" to the Court.

This matter concerns the status of my previous undischarged term of imprisonment (Oct. 4, 1999 state of CT) as it would pertain to the federal sentence your Honor imposed on August 15, 2000. In specifically you did not address this issue at sentencing proscribing the corresponding guideline section, (§ 5G1.3(c)). Respectfully, same one in the administrative process did not inform your Honor that I was subject to a previous undischarged term of imprisonment.

After I was sentenced in you Honorable Court I was surprisingly transfered back to the State of Connecticut. After inquiring with my sentencing attorney, (Carmine Giuliano, Esq.), he assured me that the "feds" trump all jurisdiction. Unbeknowest to me upon my transfer to federal custody on October 21, 2001, I find that the Bureau of Prisons refuses to run my federal sentence concurrent to my previous term of imprisonment. After a multitude of unsuccesful inst-

itutional "run arounds" I write to you and to my trial counsel. In which you write back on January 6, 2003. In which you suggested that since you no longer had jurisdiction that I should bring this issue through the Bureau of Prisons Administrative Remedies.

At this point I write to my trial counsel in asking him to write to you to get some type of confirmation that my sentence was concurrent to present to the "BOP." Considering that he always said it to be so he took the initiative to write to you on May 15, 2003. In which you respond on June 9, 2003, in stating that "I could not intend and could not have intended to make Voelker's sentence concurrent with his state sentence because, at the time I imposed sentence, there was no outstanding state sentence." Therfore, revealing that *sane* one did not make you aware that I was subject to an discharged term of imprisonment at the time of my federal sentencing.

I exhausted my "BOP" remedies, and filed a motion under 28 USC § 2241 in the Northern District of New York. Succintly, arguing that the "BOP" does not have the congressionally designated authority to define the term "silent judgment." The US Attorney's Office (Glen Suddaby, Charles Roberts, AUSA), asserted that you would have said something if you wanted the sentence to be concurrent. In which I continually argued that you were not aware of the sentence in question.

The Magistrate Judge Homer denied my claim on May 9, 2005, but on reconsideration the Chief Judge Scullin vacated that order. In which he has transfered this matter to your Court pursuant to 28 USC § 1631, because he said the argument has merit. (See enclosed (Memorandum-Decision and Order p. 11)). I have also enclosed my Traverse & Response to the Gov't that led to the vacating of the judge's order.

Now, that this matter has been transfered before you in to your jurisdiction

I am once again at the absolute mercy of your Honorable Court. In which pursuant to § 5G1.3, USSG, it is in your discretion on whether to run this prior sentence concurrent. This would preclude the "BOP" from administratively amending your judgment of 188 months (15 years/8 months) to reflect an 18 year sentence.

As now this matter is before you it is only appropriate for me to plead my case considering a lot of things have changed in the 6 years since I was standing in front of you. Above all else I am 6 years into recovery of my drug addiction, and even obtained certification that would enable me to be a drug abuse counselor. I have numerous certificates, and roughly 30 college credits towards my associates degree. (All of these documents are available). Now, that the programs have been significantly cut it's difacult to be productive but I manage. Maybe, more importainly than all of my incarcerated accomplishments to you is that I've maintained "clear conduct." In that I have never been subject of any disciplinary actions, because I try to consume my time productively staying away from any negetive influences.

Two years may not sound like much, but it's the difference of being 39 or 41 when I am released. I have been lucky enough to have supportive people around me. My mother who you know is a lawyer comes to see me once a month with my stepfather who is a district attorney for New London, CT. (Lonnie Braxton, Esq.). As well as my fiance has just started at the Maryland School of Law after being a 3rd grade teacher for two years after college (Ayana Mayberry, "PSR"). Ironically, every body is a lawyer around me. My point is your Honor this is not my world, and I was not raised like this. With out drugs in my life there is absolutely no doubt that I can live a productive life around positive people.

If I can immensely respectfully suggest that if you feel that I am deserving of the sentence of 188 months that you gave me. When ofcourse you did not know

that I had a prior sentence, and not the 18 years that the "BOP" thinks that I should serve. After looking over the documentation, and litigation please consider running this sentence concurrent. This ofcourse can be done by your powers under § 5G1.3(c) in amending my Judgment & Commitment or by simply giving me a downward departure pursuant to § 5K2.2. Thank you for your time.

Sincerely,

Alonzo Voelker

**CERTIFICATE OF SERVICE**

I, Alonzo Voelker, hereby certify that this foregoing Administrative Notice has been sent to the below address regular US Mail.

UNITED STATES DISTRICT COURT
c/o Torres, E. (USDJ)
1 Exchange Terrace
Providence, RI 02903

Alonzo Voelker
#04836-070
FCI Ray Brook
P.O. Box 9005
Ray BRook, NY 12977

Date: 10/08/05

**UNITED STATES DISTRICT COURT**

**IN THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Alonzo A. Voelker,<br>Petitioner | * * | |
| v. | * * | No. 03-CV-1300<br>(FJS/DRH) |
| FCI RAY BROOK (WARDEN DREW),<br>Respondant | * | |

**PETITIONER'S TRAVERSE AND RESPONSE TO GOVERNMENT'S REPORT-RECOMMENDATION AND ORDER**

COMES NOW, Alonzo A. Voelker, (hereinafter "petitioner"), appearing in propria persona, and moves this Honorable Court with this Traverse and Response to the Government's May 9, 2005, Report-Recommendation and Order (Govt's Response).

## I. INTRODUCTION

Succintly, since the proceedings of the underlying conviction has been documented in the Govt's Report-Recammendation and Order. Petitioner will limit this introduction to the immediate filings.

On November 17, 2003, petitioner filed a motion to this Honorable Court pursuant to 28 USC § 2241 arguing the execution of his sentence by the Bureau of Prisons (hereinafter "BOP"). On may 9, 2005, the Government (Charles E. Roberts, Esq., "AUSA") filed a Response to petitioner's motion titled Report-Recmendation and Order. Therefore inducing this Traverse and Response by petitioner to the afonnentioned Govt's Order.

## II PETITIONER'S PRO SE RAMIFICATIONS AND RIGHT TO LEGAL ASSISTANCE

Since the inception of these proceedings petitioner has appeared in a Pro Se capacity. As the Sixth Amendment right to legal counsel does not apply to habeas corpus proceedings, or post conviction remedy appeals. See Pa. v. Finly,

481 US 551, 555-56 (1987). A prisoner is nonetheless, constitutionally entitled to some form of legal assistance, such as access to adequate law libraries or aid of persons trained in law. See Bounds v. Smith, 430 US 817, 821-28 (1977) (plurality opinion).

Therefore, petitioner respectfully requests this Honorable Court to construe all of petitioner's pleadings liberally as is articualted in the Supreme Court decision of Haines v. Kerner, 404 US 519 (1972).

III. JURISDICTION

The Government attempts to divest jurisdiction from this Honorable Court in contending that the pleading presented is based on the imposition of petitioner's sentence. In which would be incorrectly brought forth under § 2241 which is applicable to the execution of ones sentence. The imposition of petioner's sentence would be governed by 28 USC § 2255, which muld implicate the strict reading of the April 24, 1996 Amendment of the Anti Terrorism and Death Penalty Act ("AEDPA"). In which has became all to common as a prosecuting tool resulting in the petitioner being procedurally bared from obtaining recourse on his claims.

Contrary to the Govt's contention petitioner asserts that his argument is based on the execution of his federal sentence in which is appropriately governed by § 2241. In specifically there's no possibility that the "BOP" could infer. that petitioner's prior state sentence was intended to run consecutive to his federal sentence from a "silent judgment" in the Judgment Order. When Congress has never authorized or delegated constitutional authority that muld enable the "BOP" to define the term "silent judgment."

Furthermore, petitioner brought forth the fact that the judge was not aware of his undischarged term of imprisonment at the time of federal sentencing.

As well as the applicable guideline section, and the controlling case law in support of petitioner's argument. This [portion] of the petition was utilized as a basis for the impossibility for the "BOP" to infer intent of the sentencing judge (Ernest Torres, USDCJ) of a "silent judgment." Supported by petitioner's submission to this Court a letter from the sentencing judge that clearly stated that he was not aware that the petitioner was subject to an undischarged term of imprisonment. (See attached Letter from Ernest Torres, USDCJ (DRI))

Appropriately, petitioner expounded on that issue which explores a vast plurality of viable legal issues on the execution and the imposition of petitioner's sentence. Only, in support of the afonnention main argument in which is based on the execution of petitioner's sentence by the "BOP" which is correctly filed under 28 USC § 2241 in the jurisdiction of this Honorable Court. As noted by the Government in citing Chambers v. United States, 106 F.3d 472, 474-5 (2nd Cir. 1997).

IV. GOVERNMENT'S CONTENTION PETITIONER FORFEITED ISSUES

In foot note 2, and 3 the Government contends that the petitioner has forfeited the issues he has brought forth. As petitioner did not provide any explanation for not raising these issues on Direct Appeal. (See Govt's Response).

Contrary to the Govt's suggestions it was impossible for the petitioner to raise these claims on Direct Appeal. As the Government documents on page 2 of their Response the petitioner was released from the custody of the state, and transported to federal custody on October 21, 2001. Petitioner's Direct Appeal was denied by the First Court of Appeals on September 10, 2001 before he was transfered to federal custody. (See attached Order from Court of Appeals)..

As is evident by the petitioner's trial attorney's (Carmine Giuliano, Esq.) letter to the sentencing judge. In which he claims that he forgot to "specifically

ask that the federal sentence run concurrent to petitioner's existing state sentence." In which he requested conformation that this sentence was concurrent, because obviously he believed (as did the petitioner) that this sentence was to run concurrent from the time petitioner was received into federal holding. Therefore it is only conceivable that the petitioner could not forsee that his undischarged term of imprisonment was going to be deemed consecutive by the Bureau of Prisons. (See attached Letter from Counsel (Carmine Giuliano, Esq.) to Judge (Ernest Torres, USDCJ).

Despite the obvious unpermitting timing of events the petitioner's Court appointed appellate counsel (Darla J. Mondou, Esq.) was equallydeficient. As she should of realized that not only was petitioner not afforded the opportuniy for a concurrent sentence pursuant to § 5G1.3(c), United States Sentencing Guide-lines ("USSG"), but that the judge was not even aware that the petitioner had been previously sentenced to a term of imprisonment by the state of Connecticut. In which appellant counsel has submitted an Affidavit of Appellate Counsel as to her overall ineffectiveness within petitioner's proceedings. (See attached Affidavit of Appellate Counsel by Darla J. Mondou, Esq.).

Considering the undeniable time line that precluded petitioner from raising this claim on Direct Appeal. As well as the fact that petitioner was in custody in the Connecticut Department of Corrections with no access to federal law material. Coupled with the accumulative effect of both trial, and appellate counsels quality of representation for their [un]familiarity with the relevent laws and guidelines. See United States v. McMullen, 86 F.3d 135 (8th Cir. 1996); Huynh v. King, 95 F.3d 1052 (11th Cir. 1996); and Martin v. Maxly, 93 F.3d (5th Cir. 1996). In which certainly undermined petitioner's viable legal issues.

The plurality of circumstance as to the proceedings would certainly surpass

a show of **good** cause and actual prejudice as articulated in the Supreme Court holding of Bousley v. United States, 523 US (1998). In which exceeds far beyond the Govt's contention that petitioner forfeited this imperative issue affecting nearly 2 years of his life.

V. SENTENCING JUDGE'S OMMISSION OF NOT BEING AWARE THAT PETITIONER WAS SUBJECT TO AN UNDISCHARGED TERM OF IMPRISONMENT

The Government still continuously circumvents and attempts to mislead the proceedings on the fact that the petitioner's sentencing judge was not aware that the petitioner was subject to undischarged term of imprisonment at the time of his federal sentencing. In effect the Government is facilitating the Bureau of Prisons' quasi-constructive amendment to petitioner's Judgment Order. In creating the intent of the sentencing judge where there can obviously be no intent if he was unaware of the prior sentence.

Where as firmly rooted in American Jurisprudence the **Supreme** Court has consistently held that it's unconstitutional to effect a judicial amendment in the present context within a Court let alone the inferior Bureau of Prisons. In which the Government continues to lend credence to the Bureau's attempted practice of judicially amending petitioner's Judgment Order where it's entirely impermissable. See Stirone v. United States, 361 US 212, 217 (1960).

VI. GOVERNMENT'S ASSERTION THAT PETITIONER WAS NOT STATUTORALY ENTITLED TO A CONCURRENT SENTENCE

In Section B (p.5) of the Govt's Response the Government describes the applicable Guideline Section of § 5G1.3, "USSG". Although the Govt's description was a minimal overview as he did not address the specific subsection that pertains to the petitioner. The Government erroneously asserted that regardless of the petitioner's argument of there being no "intent" rendered by the sentencing judge. The petitioner would not have been entitled to a concurrent sentence regardless.

In fact Section § 5G1.3, "USSG", is more complex in which contains 3 seperate subsections. Each subsection describes three very different situations in which subsection (c) is applicable in the instant matter.' See United States v. Maria, 186 F.3d 65 (2nd Cir. 1999)(Remanding when sentencing judge did not realize that he could render a concurrent sentence pursuant to § 5G1.3(c)).

The applicable subsection (c) of § 5G1.3 was amended on November 1, 1995, to delete the requirment that the Court run a sentence consecutively to the extent to achieve a reasonable "incremental" punishment for the instant offense. Now, subsection (c) simply says that the sentence may be imposed to achieve a "reasonable punishment" and Application Note 3 adds to "avoid unwarranted disparity." (See Amendment 535, "USSG").

The Courts have held that the 1995 Amendment means that the sentencing court is no longer required to consider the hypothetical combined sentencing range ("Methodology") before imposing a concurrent or consecutive sentence. See United States v. Valesquez, 136 F.3d 921 (2nd Cir. 1998); Although subsection (c) is a "Policy Statement" which must be followed by the Courts. See United States v. Brewer, 23 F.3d 1317, 1332 (8th Cir. 1994); United States v. Redman, 35 F.3d 437

---

1 § 561.3 IMPOSITION OF A SENTENCE ON A DEFENDANT SUBJECT TO AN UNDISCHARGED TERM OF IMPRISONMENT

(a) Imposition of a sentence on a defendant subject to an undischarged term of imprisonment (including work release, furlough, or escape status) or after 'sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutive. *(Does not apply).

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level tor the instant, the sentence for the instant offense shall be imposed to run concurrent to the undischarged term of imprisonment. *(Does not apply).

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrent, partially concurrent, or consecutive to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense. *(This Section is applicable to petitioner).

440-42 (9th Cir. 1966); Maria, 186 F.3d 65, 69 f.n 4 (2nd Cir. 1999). All courts adhering to the Supreme Court decisions of Stinson v. United States, US 113 (1993), and Williams v. United States, 503 US (1992).

With words used within their proper meaning the sentencing judge clearly states that "there was no out standing state sentence", when it has been un-ambiguously confirmed that there was. Therefore the judge's ommission makes it absolutely impossible to adhere to the controling "Policy Statement." As in United States v. Saintville, 218 F.3d 246 (3rd Cir. 2000). The petitioner was not afforded the opportunity for a concurrent sentence due to the fact that the Court was not aware of the germaine information it needed "to achieve a reasonable punishment", and make a determination on that basis. It has long been held that "official inadvertance" falls in favor of the defendant. See United States v. Wenger, 457 F.2d 1082 (2nd Cir. 1972).

In the respective Circuit that governs this District Court it has been a time honored concept in holding that: A "[s]erious uncertainty in criminal sentences originally recorded, if not subject to correction , must be construed as concurrent. See United States v. Pugliese, 860 F.2d 25, 30 (2nd Cir 1988), cert. denied 489 US; Qouting Alderhold v. McCarthy, 65 F.2d 452 (C.C.A. 5 1933). As well as modern jurists within the Second Circuit's confines. See Germaine v. United States, 760 F.Supp 41 (E.D.N.Y. 1991)(Holding "that all but conclusive presumption exists in federal sentences that, unless otherwise stated, sentence imposed on any given count or indictment is concurrent with other federal sentences, and, this, burden is on the sentencing judge to affirmatively impose a consecutive sentence.)

Presumably, this Honorable Court will hold the "BOP" to the same stringent standards of American Jurisprudence that has been held by the controlling entity

of the judiciary. In which in similar situations have consistantly placed the burden on the prosecution or the sentencing judge to impose a longer sentence. When "intent" can only be based on a presumption, the general rule of statutory construction has been favoring a milder penalty over a harsher one invoking the "Rule of Lenity." See Dowry v. United States, 91 F.2d 233, 237 (D.C. 1937). In which reiterates the time honored concept that "Official Inadvertance" works in favor of the defendant. See Wenger.

**VII. CONCLUSION**

Wherefore, petitioner prays that this Honorable Court rules in favor of the controlling case law, and does not facilitate the Bureau of Prisons attempt to constructively amend petitioner's Judgment Order. In so doing rule in the favor of liberty as the judge's "intent" could only be based on a guess of what he would have done had he been aware of petitioner's previous state sentence. In compelling the "BOP" to designate petitioner's former state facility nunc pro tunc. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

In the alternative another appropriate remedy would be as the Government has suggested to transfer this matter to petitioner's Court of conviction (D.R.I.) pursuant to 28 USC § 1631. In giving the sentencing judge the oppurtinty to render intent on whether he feels petitioner's sentence should be concurrent. The current circumstances have been deemed to rise to the level of plain error in requiring remand in Circuit Courts across the Country. Therefore in complying with controlling case law, and affording the Judge to comply with the mandatory "Policy Statements'' of the United States Sentencing Guidelines. See United States v. Maria, 186 F.3d 56 (2nd Cir. 1999); United States v. Whitley, 54 F.3d 85 (2nd Cir. 1995); United States v. McCarthy, 77 F.3d 522 (1st Cir. 1996); United States v. Reyes-Lugo, 238 F.3d 305, 309 (5th Cir. 2001).

Respectfully,

Alonzo Voelker

Alonzo Voelker, Pro Se

**CERTIFICATE OF SERVICE**

I, Alonzo Voelker, hereby, certify *that a* Copy of this foregoing Traverse **and** Response has been sent First Class **U.S.** Mail to **the** following addresses:

**UNITED STATES DISTRICT COURT**
c/o Clerk of Court
100 S. Clinton St.
Syracuse, NY 13260

&

**U.S. ATTORNEY'S OFFICE**
**100 S. Clinton St.**
**Syracuse , NY 13260**

Respectfully,

Alonzo Voelker
#04836-070
FCI Ray Brook
P.O. Box 9005
Ray Brook, NY 12977

**Date: 5/16/05**

* This brief has been mailed in accordance of the "mail **box** rule" of Houston v. Lack, 487 US 266 (1988).

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 20 2005
AT ____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ALONZO A. VOELKER,**

**Petitioner,**

**v.**

**9:03-CV-1396**
**(FJS/DRH)**

**FCI RAY BROOK,**

**Respondent.**

---

**APPEARANCES** | **OF COUNSEL**

**ALONZO A. VOELKER**
**04836-070**
Federal Correctional Institution
P.O. Box 9005
Ray Brook, New York 12977
Petitioner *pro se*

**OFFICE OF THE UNITED STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**CHARLES E. ROBERTS, AUSA**

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Currently before the Court is Petitioner Alonzo Voelker's motion for reconsideration of this Court's June 2,2005 Decision and Order, see Dkt. No. 9, in which the Court accepted Magistrate Judge Homer's May 9,2005 1 qort-Recommendation and Order in its entirety and denied

**Petitioner's** petition for a writ of habeas corpus.[1] *See* Dkt. Nos. 11-12.

## II. BACKGROUND

On October 4, 1999, a State of Connecticut court sentenced Petitioner to a determinate term of four years' imprisonment for violation of his parole. See Dkt. No. 1 at Exhibit "C." In March 2000, while serving his sentence, Petitioner was indicted in the United States District Court for the District of Rhode Island on charges unrelated to those that resulted in his State of Connecticut conviction. See id. at 2. Petitioner was removed from the custody of the Connecticut Department of Corrections and transported to Rhode Island for proceedings relating to the federal charges. See id. at Exhibit **"D."** On August 15,2000, Petitioner pled guilty in the United States District Court for the District of Rhode Island to one count of conspiracy to distribute cocaine and two counts of distribution of cocaine and, as a result, that court sentenced him to a determine term of 188-months' imprisonment. Thereafter, Petitioner filed a motion in that court to vacate his federal sentence under 28 U.S.C. § 2255, which that court denied on October 21,2003. See Voelker v. United States,

---

[1] In its June 2,2005 Decision and Order the Court noted that neither party had filed any objections to Magistrate Judge Homer's May 9,2005 Report-Recommendation and Order. See Dkt. No. 9 at 1-2.

The Court also notes that, in its June 2, 2005 Decision and Order, it stated that Magistrate Judge Homer had filed the Report-Recommendation and Order at issue on April 27,2005. See id. at 1. This was, of course, an error. The Court should have stated that the Report-Recommendation and Order at issue was filed on **May** 9,2005. See Dkt. No. 7. This typographical error has no effect on the Court's disposition of the pending motion for reconsideration. Both the Court and the parties are aware that the relevant Report-Recommendation and Order is the one that Magistrate Judge Homer filed on May 9,2005. ***See*** id.

No. 01-621-T, 2003 WL 22423198, *1 (D.R.I. Oct. 21, 2003).[2]

When Petitioner was released from state custody on October 21,2001, he was transported to FCI Ray Brook, situated in this District, where he is currently serving his federal sentence. *See* Dkt. No. 1 at 3.

On November 20,2003, Petitioner filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on the grounds that the United States District Court for the District of Rhode Island should not have imposed his federal sentence to run consecutively to his prior state sentence, that the United States Marshal's Service erred in transferring his custody to the Connecticut Department of Corrections after he was sentenced in federal court, and that the judge who sentenced him in the United States District Court for the District of Rhode Island was unaware that he was serving a state sentence at the time that he sentenced him on the federal charges,

On January 15,2004, Respondent filed its response to Petitioner's petition. *See* Dkt. No. 6. Subsequently, on May 9,2005, Magistrate Judge Homer issued a Report-Recommendation and Order, in which he recommended that this Court deny the petition in its entirety. *See* Dkt. No. 7 at 6-7. Specifically, Magistrate Judge Homer found that Petitioner should have brought his claim that the district court that sentenced him should have imposed his federal sentence to run concurrently

---

[2] According to the district court's summary of the grounds upon which Petitioner based his § 2255 motion, Petitioner claimed

> that his plea was not voluntary and that his counsel was ineffective in failing to object to the manner in which the PSR calculated his

* This foot note was unintentionally cut by the F.C.I. Ray Brook mail room in opening the envelope. It reiterates the issues brought up on my 2255. A.V.

with his state sentence under § 2255, not § 2241. Although he recognized that there is an exception to this rule – where the remedy available under § 2255 is inadequate or ineffective to test the validity of the petitioner's detention and the record demonstrates that the petitioner is actually innocent – he concluded that this exception was not applicable to this case. *See* id. at 4-5. Magistrate Judge Homer also noted that, under 28 U.S.C. § 1631, a court could transfer this action to the United States District Court for the District of Rhode Island, which would be the proper venue for Petitioner's § 2255 petition. However, because he concluded that Petitioner's claim was without merit, he recommended that this Court dismiss the petition rather than transfer it. *See id.* at 5.

Alternatively, Magistrate Judge Homer "liberally" construed Petitioner's petition as asserting a challenge to the calculation of his sentence and, thus, properly a § 2241 motion. *See* id. In this regard, Magistrate Judge Homer noted that, in his petition, Petitioner alleged that he had requested that the Bureau of Prisons ("BOP") designate the Connecticut Department of Corrections ***nunc pro tunc*** as his place of confinement to reflect concurrent sentencing and also asked the district court to credit the time that he had served in state custody toward his federal sentence. *See* Dkt. No. 1 at Memorandum of Law at 1, 8.

Magistrate Judge Homer further explained that, under 18 U.S.C. § 3584(a), if a court imposes a term of imprisonment on a defendant who, like Petitioner, is "already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively" and that § 5G1.3 of the United States Sentencing Guidelines ("USSG") describes the circumstances in which a new sentence must be consecutive or concurrent and provides the court with discretion in other circumstances. Based upon these statutes, Magistrate Judge Homer concluded that, because the

conduct that resulted in Petitioner's federal sentence was distinct from the conduct that resulted in his state sentence, he was not entitled to have his federal sentence run concurrently with his state sentence. *See* Dkt. No. 7 at 5.

Finally, Magistrate Judge Homer noted that Petitioner had not offered any evidence to show that the United States District Court for the District of Rhode Island, the sentencing court, had expressed a view about whether Petitioner's federal term should run concurrently with or consecutively to his state term. *See id.* at 6. Moreover, he noted that the First Circuit Court of' Appeals had affirmed Petitioner's federal sentence.

Since, according to the Court's records, neither party filed any objections to Magistrate Judge Homer's May 9,2005 Report-Recommendation and Order within the required ten-day period, the Court, by Decision and Order, dated June 2,2005, affirmed the same in its entirety and denied the petition. *See* Dkt. No. 9.

In response to that Decision and Order, Petitioner filed the Motion for Reconsideration that is currently before the Court for its consideration, in which he alleged that, although the Court stated that he had not filed any objections to the May 9,2005 Report-Recommendation and Order, he had, in fact, "file[d] a timely objection entitled Petitioner's Traverse and Response to the Government's Report-Recommendation and Order on May 5,2005. (*See* enclosed Petitioner's Traverse and Response (Certificate of Service at *9))." *See* Dkt. No. 11 at 1.[3] Based upon its review of

[3] Petitioner's Certificate of Service, attached to his "Traverse and Response to Government's Report-Recommendation and Order," does, in fact, state that he mailed a copy of that document, which is dated May 16,2005, to the Court and to the United States Attorney's Office. *See* Dkt. No. 11 at 9. Under the mail-box rule, *see Houston v. Lack*, 487 U.S. 266 (1988), if the Court construes this submission as Petitioner's Objections to Magistrate Judge Homer's Report-Recommendation and Order, it would deem the same filed on May 16,2005,
(continued...)

Petitioner's submission and his Certificate of Service, the Court grants his motion for reconsideration of its June 2,2005 Order.

In his "Traverse and Response," Petitioner initially asserts that he properly filed his petition pursuant to § 2214 because he is challenging "the execution of his sentence by the Bureau of Prisons (hereinafter "BOP")." *See* Dkt. No. 12 at 1. Specifically, Petitioner argues that "there's no possibility that the 'BOP' could infer that petitioner's prior state sentence was intended to **run** consecutive [sic] to his federal sentence from a 'silent judgment' in the Judgment Order. When Congress has never authorized or delegated constitutional authority that would enable the 'BOP' to define the term 'silent judgment.'" *See* id. at 2. Petitioner further explains that he

> brought forth the fact that the judge was not aware of his undischarged term of imprisonment at the time of federal sentencing. As well as the applicable guideline section, and the controlling case law in support of petitioner's argument. This [portion] of the petition was utilized as a basis for the impossibility for the "BOP" to infer intent of the sentencing judge (Ernest Torres, USDCJ) of a "silent judgment." Supported by petitioner's submission to this Court a letter from the sentencing judge that clearly stated that he was **not** aware that the petitioner was subject to an undischarged term of imprisonment. (See

---

[3](...continued)
and, therefore, timely.

The Court notes that Petitioner's references to the Government, **i.e.,** Respondent, **and** the Court, throughout his Traverse and Response, are somewhat confusing. For example, he refers to Magistrate Judge Homer's Report-Recommendation and Order as "the Government's Report-Recommendation and Order." *See generally* Dkt. No. 11. Moreover, he states that "[o]n may 9, 2005, [sic] the Government (Charles E. Roberts, Esq., "AUSA") filed a Response to petitioner's motion titled Report-Recommendation and Order. Therefore inducing this Traverse and Response by petitioner to the aforementioned Govt's Order." *See* id. at 1.

In an attempt to clear up any confusion, the Court notes that, according to its records, the Government, **i.e.,** Respondent, filed its response to Petitioner's petition on January 15,2004. *See* Dkt. No. 6. Magistrate Judge Homer issued his Report-Recommendation **and** Order, to which Petitioner directs his Objections, on May 9,2005." *See* Dkt. No. 7.

attached Letter from Ernest Torres, USDCJ (DRI)).[4]

*See* Dkt. No. 12 at 2-3.

Petitioner also takes issue with footnotes 2 and 3 of the Report-Recommendation and Order.'

---

[4] In the January 6,2003 letter to which Petitioner refers, Chief Judge Torres stated as follows:

> Dear Mr. Voelker:
>
> At your request, I previously sent you a copy of the judgment entered in your case.
>
> I have no way of knowing why the Bureau of Prisons calculated your sentence the way that you say it did. It may be that you were already serving another sentence in which case the sentence you are now serving would run consecutively unless otherwise'specified and the judgment in this case does not specify otherwise.
>
> In any event, I no longer have jurisdiction to alter whatever sentence was imposed.
>
> If you believe that the Bureau of Prisons has made an error, you pursue that as a separate matter by first exhausting your administrative remedies within the Bureau of Prisons. If you obtain no satisfaction there, I suggest that you enlist the help of Mr. Cicilline and/or Mr. Giuliano who represented you in this case.

*See* Dkt. No. 12 at Attached Letter.

Although it is clear that Chief Judge Torres did not state in this letter that he was unaware that Petitioner was subject to an undischarged term of imprisonment, in a subsequent letter, dated June 9,2003, and addressed to Petitioner's counsel, Chief Judge Torres did clearly state that he was not aware that at the time that he sentenced Petitioner on the federal charges he was serving an undischarged term of imprisonment. *See* Dkt. No. 1 at Exhibit "B(1)" ("I did not intend and could not have intended to make [Petitioner's] federal sentence concurrent with the state sentence referred to in your letter **because, at the time I imposed sentence, there was no outstanding state sentence. . . ."** (emphasis added)).

[5] In footnote 2 Magistrate Judge Homer stated that

(continued...)

[5](...continued)

> Respondent contends that grounds two and three [i.e., that the United States Marshals Service erred in transferring Petitioner's custody to the Connecticut Department of Corrections (DOCS) after sentencing in federal court, and that the sentencing judge was unaware that Petitioner was serving a state sentence at the time of federal sentencing] are barred by res judicata. "It is well established that 'where an appeal was taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those that could have been presented but were not are deemed waived.'" Teague v. Lane, 489 U.S. 288,297 (1989); Diaz v. Greiner, 110 F. Supp. 2d 225,227 (S.D.N.Y. 2000). These issues were not raised by [Petitioner] on his direct appeal. Therefore, if [Petitioner]'s petition herein is construed as a § 2255 motion, [his] conviction was affirmed by the Court of Appeals and he therefore is deemed to have waived these issues.

*See* Dkt. No. 7 at 3 n.2.

Magistrate Judge Homer included footnote 2 as part of his discussion of Respondent's argument that "to the extent [Petitioner] is challenging the original imposition of his sentence, he has procedurally defaulted on this claim." *See* id. at 3.

In footnote 3 Magistrate Judge Homer stated as follows:

> In addition, "[i]t is well-settled that where a petitioner does not bring a claim on direct appeal, he [or she] is barred from raising the claim in a subsequent § 2255 proceeding unless both cause and prejudice for the default is established." Billy-Eko v. United States, 8 F.3d 111, 113-14 (2d Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Here, [Petitioner] does not provide any explanation why the allegations contained in the instant petition were not raised on direct appeal. Accordingly, [Petitioner] is also procedurally barred from raising these claims now.

*See* id. at 4-5 n.3.

Magistrate Judge Homer included footnote 3 as part of his discussion of the exception to the general rule that "[a] federal inmate collaterally attacking the validity of a sentence must do so through a motion to vacate, set aside, or correct the sentence pursuant to section 2255 in the

(continued...)

*See* Dkt. No. 12 at 3. Petitioner contends that, contrary to Magistrate Judge Homer's statements in these footnotes, "it was impossible for [him] to raise these claims on Direct Appeal. As the [Court] documents on page 2 of [its Report-Recommendation and Order] the petitioner was released from the custody of the state, and transported to federal custody on October 21,2001. Petitioner's Direct Appeal was denied by the First Court of Appeals [sic] on September 10,2001 before he was transfered [sic] to federal custody. (See attached Order from Court of Appeals)." *See* Dkt. No. 12 at 3 & Exhibit thereto.[6]

---

'(...continued)
sentencing court." *See* Dkt. No. *7* at 3-4 (citations omitted). As Magistrate Judge Homer noted, this exception exists "where the remedy available under section 2255 is 'inadequate or ineffective to test the validity of [petitioner's] detention' and the record of the case demonstrates that the petitioner is actually innocent. . . . Under such circumstances, a petitioner may bring a § 2241 petition." *See* id. at 4 (internal quotation and citation omitted). Magistrate Judge Homer further explained that

> [t]he burden of proving that $2255 is inadequate or ineffective rests with the petitioner. . . . Section 2255 may be inadequate or ineffective if "'the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions.'" . . . Section 2255 is not inadequate or ineffective when the petitioner's claim was previously available on direct appeal. . . . Here, all issues raised by [Petitioner] were available on his direct appeal and, thus, "failure to permit review [here] would not 'raise[] serious constitutional questions.'" . . . [Petitioner] makes no showing that he could not have raised these issues in his § 2255 motion. Therefore this Court lacks jurisdiction to hear this claim.

*See id.* at 4 (internal quotations, citations and footnote omitted).

[6] In its Judgment entered September 10,2001, the First Circuit Court of Appeals stated that

> . Appellant concedes that the term of supervised released imposed by the district court must be reviewed for plain error

(continued...)

Furthermore, Petitioner argues that

> [a]s is evident by the petitioner's trial attorney's (Carmine Giuliano, Esq.) letter to the sentencing judge. [sic] In which he claims that he forgot to "specifically ask that the federal sentence run concurrent [sic] to petitioner's existing state sentence." In which he requested conformation [sic] that this sentence was concurrent, because obviously he believed (as did the petitioner) that this sentence was to run concurrent [sic] from the time petitioner was received into federal holding. Therefore it is only conceivable that the petitioner could not foresee that his undischarged term of imprisonment was going to be deemed consecutive by the Bureau of Prisons. (See attached Letter from Counsel (Carmine Giuliano, Esq.) to Judge Torres, USDCJ).

*See* Dkt. No. 12 at 3-4.[7]

---

[6](...continued)

> because the sentence was not challenged below. Under United States v. Duarte, 246 F.3d 56 (1st Cir. 2001), the sentence does not constitute plain error under Apprendi v. New Jersey, 530 U.S. 466 (2000). Appellant's assertion that the government failed to give him notice under 21 U.S.C. § 851(a), raised for the first time in appellant's reply brief, does not affect the validity of his sentence, the imposition of which was not plain error under Apprendi, the relevant statutes or the sentencing guidelines.
>
> The judgment is affirmed. Local Rule 27(c).

*See* Dkt. No. 11 at Exhibit (copy of the September 10,2001 Judgment of the United States Court of Appeals for the First Circuit affirming Petitioner's conviction and sentence).

The Court's review of this document demonstrates that, other than showing that the First Circuit Court of Appeals entered this judgment prior to Petitioner's release from state custody, it does not further Petitioner's argument in support of his petition. First, it appears that the only issue the First Circuit Court of Appeals addressed was the terms of Petitioner's supervised release. Moreover there is nothing in the judgment to indicate whether or not Petitioner raised other grounds on direct appeal. Finally, the First Circuit Court of Appeals' statement that "the imposition of [Petitioner's sentence] was not plain error under Apprendi, the relevant statutes or the sentencing guidelines" raises questions about whether Petitioner had raised other issues in support of his petition that the court found meritless.

[7] In his May 15,2003 letter to Chief Judge Torres, Attorney Giuliano stated that (continued...)

Finally, although Petitioner contends that Magistrate Judge Homer erroneously concluded that USSG § 5G1.3(c) does not apply to this case, it appears, based upon his reference to "Section B" of Magistrate Judge Homer's Report-Recommendation and Order, *see* Objections at 5, that Petitioner's objection is actually directed at Magistrate Judge Homer's conclusion that "[t]he conduct that resulted in the federal sentence was distinct from the conduct that resulted in the state sentence. Therefore, [Petitioner] was not entitled to concurrent sentencing." *See* Report-Recommendation and Order at 5.[8]

After reviewing Petitioner's objections, the Court concludes that they may have some merit. First, it appears that, as Petitioner asserts, Chief Judge Torres was unaware that Petitioner was serving a state court sentence at the time that he sentenced him for the federal offenses. The Court

---

[7](...continued)

> I am writing concerning the above captioned case [*USA* v. *Alonzo Voelker*] in which my client was sentenced to a term of imprisonment which resulted in a consecutive term to his State of Connecticut sentencing, because I did not specifically request that your sentence run concurrent [sic] to his State of Connecticut sentence. I am therefore, now requesting some written documentation from your Honor that would indicate that it was your intention to make [Petitioner]'s sentence concurrent despite the "Silent Order". Please see United States vs. Maria 186 F.3d 65 (2nd cir. 1999), and Ruggiano v Reish 307 F.3d 121 (3rd cir. 2002). If you have any questions, please do not hesitate to call.

*See* Dkt. No. 11 at Exhibit (copy of Carmine J. Giuliano's May 15,2003 letter to Chief Judge Torres).

[8] The Court notes that, despite Petitioner's assertion to the contrary, Magistrate Judge Homer did, although not explicitly, conclude that § 5G1.3(c) applies to this action. By noting that Petitioner "was not **entitled to** concurrent sentencing[,]" *see* Report-Recommendation and Order at 5 (emphasis added), Magistrate Judge Homer, in effect, concluded that § 5G1.3(b) **does not** apply and, because neither party argues that § 5G1.3(a) applies, the only paragraph that can arguably apply to Petitioner's situation is § 5G1.3(c).

has no way of knowing whether, had Chief Judge Torres been aware of this fact, it would have made a difference in the sentence that he imposed upon Petitioner. Despite these problems, however, the Court is not in a position to grant Petitioner the relief he seeks because it does not have jurisdiction over his petition, which, as Magistrate Judge Homer noted, is not a proper § 2241 petition. Moreover, although the Court recognizes that, where as here the sentencing court previously dismissed a § 2255 petition on the merits, it could convert this petition to a § 2255 motion, it hesitates to do so because the United States District Court for the District of Rhode Island, and not this Court, sentenced Petitioner. See Adams v. United States, 372 F.3d 132, 136 (2d Cir. 2004) (holding that "when a prisoner files a § 2241 petition in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification, . . ., or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under $2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction. . . ."). Accordingly, in an abundance of caution and in the interests of justice, this Court will transfer this matter to the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. § 1631, to permit that court to determine, among other things, whether or not this petition is, in fact, a second § 2255 motion?

---

[9] Section 1631 provides that

> [w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if

(continued...)

## IV. CONCLUSION

Upon further consideration of Magistrate Judge Homer's May 9,2005 Report-Recommendation and Order, this Court's June 2,2005 Order, the parties' submissions, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's motion for reconsideration of this Court's June 2, 2005 Order is **GRANTED;** and the Court further

**ORDERS** that this Court's June 2,2005 Order and the Judgment entered in conjunction therewith are **VACATED;** and the Court further

**ORDERS** that this matter is **TRANSFERRED** to the United States District Court for the District of **Rhode** Island for all further proceedings, pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

Dated: September 20,2005
Syracuse, New York

**Frederick** J. **Scullin,** Jr.
Chief United States District Court Judge

---

[9]**(...continued)**

> it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.