**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ALONZO VOELKER | : | |
| Defendant-Petitioner, | : | |
| | : | CA. No.01-621T |
| v. | : | CR. No.00-018T |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO CORRECT JUDGMENT PURSUANT TO RULE 60(b), FED. R. CIV. P.**

## I. Introduction

The Petitioner, Alonzo Voelker ("Voelker"), was one of more than thirty subjects arrested as a result of an FBI investigation into crack dealing in the Westerly, Rhode Island area that came to be known as Operation Stateline. In Operation Stateline, Voelker was identified a leader of one of the three cells of crack cocaine distributors doing business in Westerly. A juvenile was among the individuals working for Voelker in conducting that drug enterprise.

Voelker pled guilty to a variety of drug trafficking offenses. In arriving at the guideline range, Voelker was determined to be a leader or organizer and to have used a minor in committing that offense. On August 15, 2000 he was sentenced to 188 months imprisonment.

Although fifteen years might be viewed as a lengthy sentence, Voelker was the beneficiary of an extraordinary amount of lenient treatment in his case. Voelker was initially charged by complaint with having operated a continuing criminal enterprise ("CCE"). By his own statements, he acknowledged that was true. The government agreed not to bring that charge. Furthermore, he was sentenced based only on the weight of crack cocaine actually delivered to undercover agents or cooperating witnesses and tested by a laboratory. Again, credible information, acknowledged by Voelker's own statements, concerning the historical nature and extent of his drug dealing, could have been considered as relevant conduct. A CCE conviction, coupled with additional drug weights, could have placed Voelker in jail for most of the rest of his life. Finally, the court sentenced Voelker to the bottom of the guideline range rather than the 235 months, nearly 20 years, that he could have received and still have been within the guideline range. Not only was Voelker sentenced fairly, he was treated leniently.

Since that time, Voelker has embarked on a long and torturous post conviction traverse that now amounts to at least twelve separate filings in four courts from two circuits. (synopsis of the travel of this case appended to this memorandum). His conviction and sentence, even the Bureau of Prisons' calculation of the time he has served on his sentence

have all been examined and reexamined repeatedly.

Among his many court filings, Voelker filed a Motion To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In his § 2255 motion, Voelker claimed that the received ineffective assistance of counsel in that his trial attorney:

1) failed to enforce an agreement to provide him with a substantial assistance departure under § 5K1.1 of the United States Sentencing Guidelines and under Rule 35 of the Federal Rules of Criminal Procedure;

2) failed to seek admission pro hac vice in a timely fashion; and

3) failed to object to the pre-sentence report with regard to: a) a leadership role adjustment, b) an adjustment for the use of a minor and; c) the calculation of his criminal history.

On October 21, 2003, this Court denied Voelker's § 2255 petition.

Over two years later, on December 7, 2005, Voelker filed this "Motion To Correct Judgment Pursuant To Rule 60(b), Fed. R. Civ. P." The judgment he seeks to correct is the order denying him relief under § 2255 more than two years ago. In this Rule 60(b) filing, Voelker raises three new issues:

> "Did the District Court correctly interpret the penalty provision(s) of Title 21 USC § 841(a)(1) as a single statute when imposing the penalty upon petitioner for the violations pleaded to?

> Did the District Court correctly interpret the provision(s) as set forth in 18 USC § 3553(a) which directs the District court insofar as the factors to be considered in imposing sentence?
>
> Does the Doctrine of Stare Decisis implicate the integrity of the prior proceedings pursuant to 28 USC § 2255?
>
> Petitioner does not dispute (at this time) his conviction, however seeks de novo review of the three legal challenges to his sentence." (Voelker's Memorandum @ 2).

This most recent filing, under Rule 60(b), in effect asks the Court to vacate the judgment denying his § 2255 and reconsider it in light of new issues that he raises, for the first time, in his Rule 60(b) motion.

The government maintains that this is an inappropriate use of Rule 60(b). Rule 60(b) is only available to address procedural defects in the underlying proceeding. If Voelker's pleading is viewed as an attempt to relitigate the § 2255 petition by adding those new issues, then he is either defaulted for not having raised them earlier or his motion should be dismissed as an improper attempt to circumvent the gatekeeping provisions of the AEDPA by not following the procedural requirements for the filing of second or subsequent petitions pursuant to § 2255.

The United States maintains that this is just such a case. Voelker has repeatedly, extensively, thoroughly, and exhaustively

sought and obtained review of his sentence. This most recent attempt should likewise be denied.

II. **Argument**

A. Voelker's Claim Should Be Considered As A Second Or Successive 28 U.S.C. § 2255 Petition

Voelker attempts to circumvent the gatekeeping requirement of § 2255 by terming his motion as a motion pursuant to Rule 60(b), a motion to correct judgment. However, such an attempt must fail. When determining whether a motion has been properly named, the courts should look to the subject-matter of the application, not the label placed on it by the applicant. Chambers v. United States, 106 F.3d 472, 475 (2nd Cir. 1997); Tyler v. United States, 929 F.2d 451, 453 (9th Cir.) cert. denied, 502 U.S. 845 (1991); and Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987).

The Third Circuit also held that substance controls over caption. United States v. Lloyd, 398 F.2d 978, 979 (3rd Cir. 2005). In that case, the court put it succinctly,

> "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls,"

Id. at 979-80 (citations omitted).

Voelker cannot rest upon Rule 60(b) to justify relief. The rule states, in part:

> ... the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[1]

Id.

The issue of whether Rule 60 could be used to vacate a criminal conviction was an issue of first impression in the United States Court of Appeals for the First Circuit in the case of Rodwell v. Pepe, 324 F.3d 66 (1st Cir. 2003) (state prisoner). The Court noted that there were three principled schools of thought on whether a "prisoner may use Rule 60(b) of the Federal Rules of Civil Procedure as a vehicle for resurrecting a

---

[1] Although Voelker does not specify which Section of Rule 60(b) he relies on, nor could he, Voelker filed this motion more than two years after judgment. The rule also provides, "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment . . ."

previously dismissed habeas petition." Id. At 67. First, some courts hold that Rule 60(b) is proper in habeas petitions. Id. Second, some courts hold that Rule 60(b) is unavailable to habeas petitioners. Id. The First Circuit, however, adopted the third approach:

> "a Rule 60(b) motion should be treated as a second or successive habeas petition if - and only if - the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." In other cases - cases in which the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured - the motion may be adjudicated under the jurisprudence of Rule 60(b)."

Id. See also, Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003) (federal prisoner) (a Rule 60(b) motion which challenges the constitutionality of the underlying conviction should be treated as a second or successive petition under 28 U.S.C. § 2255).

The recent Supreme Court case cited by Voelker stands for this same proposition. Gonzalez v. Crosby, 125 S.Ct. 2641 (2005). In that case, the Court examined whether relief had been improperly denied based on a decision that the Petitioner's claim was time barred and therefore, procedurally defaulted. Id. at 2645. While still denying the appeal on a straight application of Rule 60(b), the Court recognized,

> "Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, *e.g., Klapprott*, 335 U.S., at 615, 69 S.Ct. 384 (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-the-mill civil cases."

however the Court also noted,

> " . . . a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."

Id. at 2649.

Voelker's is just such a case. He was not denied relief on procedural grounds. His § 2255 motion was decided on the merits. He now seeks to be heard on new and different claims. Voelker is attacking, under the guise of a Rule 60(b) motion, the constitutionality of his sentence - alleging now familiar Apprendi/Blakely/Booker violations. Therefore, Voelker's motion must be considered as a successive petition. Even treated as a second § 2255, Voelker's petition should be dismissed.

B. As An Improperly Filed Second Or Successive § 2255, Voelker's Motion Should Be Dismissed

Voelker's motion should be construed as a second or successive § 2255 petition. As such, it should be summarily denied. With certain narrow exceptions, not alleged or met in this case, the AEDPA requires dismissal of such claims. The statute governing the filing of such motions provides as follows:

> A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8, The certification procedure to be followed by the Court of Appeals is set forth in 28 U.S.C. §2244(b)(3). Local Rule 2.2 of the United States Court of Appeals for the First Circuit states in relevant part: "**Transfer**. If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." Local Rule 22.2.

The First Circuit has held that in light of these provisions, "'a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals.'" United States v.

Barrett, 178 F.3d 34, 41 (1st Cir. 1999) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998)), cert. denied, 528 U.S. 1176 (2000); accord Jamison v. United States, 244 F.3d 44, 45-46 (1st Cir. 2001).

The decision whether to dismiss or transfer appears to be discretionary. Barrett, 178 F.3d at 41 n.1. What is clear, however, is that a district court faced with an unapproved second § 2255 motion may not entertain it on the merits.

It is obvious that Voelker cannot meet either of the two gatekeeping criteria. Voelker has also thoroughly and egregiously abused and violated all applicable procedural rules. Therefore, this Court, in its discretion, should simply dismiss the motion rather than transferring it to the First Circuit.[2] Transfer as a second § 2255 is also not warranted, as a matter of discretion, because Voelker's claims have been waived and are, ultimately meritless.

C. The Claims Are Procedurally Defaulted

Voelker's basis for alleging he is entitled to relief from judgment was, in part, raised in his direct appeal and rejected. Voelker pursued a single issue appeal alleging an Apprendi

---

[2] Indeed, even pre-AEDPA case law would have required dismissal of the motion as a successive petition under the "abuse of the writ" doctrine. McCleskey v. Zant, 499 U.S. 467, 495-96 (1991); Whittemore v. United States, 986 F.2d 575, 578-79 (1st Cir. 1993); Andiarena v. United States, 967 F.2d 715, 717 (1st Cir. 1992).

violation in the imposition of supervised release. His appeal was summarily denied in an unpublished decision. United States v. Voelker, DKT. NO. 00-2161 (September 10, 2001). To the extent that Voelker raised an Apprendi issue, it is decided. To the extent that he only argued that the terms of his supervised release were improper, and he did not specifically argue that it applied to the term of his imprisonment, it is waived.

Additionally, Voelker cannot show cause and prejudice for his failure to make this claim either in his appeal or in his earlier § 2255 petition. See Voelker v. United States, 2003 WL. 22423198 (D. RI). Thus, his claims are procedurally defaulted. Bousley v. United States, 118 S.Ct. 1604, 1611 (1998) and United States v. Brache, 165 F.3d 99, 102 (1st Cir. 1999).

D. Voelker's Claims Are Meritless

Voelker makes several claims that his sentence is in error due to the recent rulings in Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005). However, both Blakely and Booker are not retroactive because the rules are not "watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding[s]." Cirilo-Munoz V. United States, 404 F.3d 527, 532 (1st Cir. 2005). As a result, Voelker's Rule 60(b) motion or his second § 2255 petition, by whatever heading it is titled, will fail because, "petitions under 28 U.S.C. § 2255 are unable to

advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive." United States v. Fraser, 404 F.3d 9, 11 (1st Cir. 2005).

**III. Conclusion**

WHEREFORE, the government respectfully moves that the motion be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Assistant U.S. Attorney
RI Bar No. 3134

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of March, 2006, a copy of the within Government's Objection To Petitioner's Motion To Correct Judgment Pursuant to Rule 60(b), Fed. R. Civ. P., was mailed by first-class mail, postage prepaid, to:

Alonzo Voelker, Pro Se
Register No. 04836-070
FCI Raybrook
P.O. Box 9005
Raybrook, New York 12977

Paulette E. Gamache

**CR 00-018T**

| | | |
|---|---|---|
| Sentenced | 08/15/00 | |
| Notice of Appeal | 08/22/00 | 00-2161 |
| Judgment entered | 08/29/00 | |
| Notice of Appeal | 10/10/00 | 00-2245 |
| § 2255 | 12/26/01 | CA 01-621T |
| Notice of Appeal | 10/14/03 | 03-2597 & 03-2598 |
| Notice of Appeal | 05/20/04 | 04-1670 |

**00-2161**

| | | |
|---|---|---|
| Docketed by Cir | 09/29/00 | |
| Def filed brief | | |
| Gov filed | | Mot for Summary Disposition |
| Judgment entered | 09/10/01 | Imposition of sent was not plain error under Apprendi |
| Mandate | 10/26/01 | |

**00-2245**

| | | |
|---|---|---|
| Docketed by Cir | 10/18/00 | |
| Judgment entered | 02/07/00 | Dismissed as untimely, 00-2161 remained open |
| Mandate | 03/19/01 | |

**CA 01-621T**

| | | |
|---|---|---|
| §2255 filed | 12/26/01 | |
| Memo/Order entered | 10/21/03 | Denying Mot to Vacate under 2255 |
| Def Mot for COA | 10/27/03 | Filed |
| Order | 11/20/03 | Denying Mot for Certificate of Appealability |
| Notice of Appeal | 11/21/03 | |

**03-2597**

| | | |
|---|---|---|
| Docketed by Cir. | 11/21/03 | |
| Cir Judgment | 03/03/04 | Dismissed - lack of jurisdiction (untimely appeal) |
| USDC | 03/19/04 | Def's Mot to Enlg Time for Filing Appeal |
| USDC Order | 05/12/04 | Def's Mot Denied |
| Cir Order | 04/16/04 | Def's Petition for Panel/En Banc hearing denied |
| Mandate | 06/10/04 | |

**03-2598**

| | | |
|---|---|---|
| Docketed by Cir | 11/21/03 | |
| Judgment | 03/03/04 | Def has not made requisite showing under 28/2253(c)(2) of denial of const. right – for reasons given by USDC in 10/21/02 order denying 2255, request for certificate of appealability denied |
| Cir Order | 05/19/04 | Petition for Panel/En Banc hearing denied |
| Mandate | 06/04/04 | |

**04-5382 (S.Ct.) - Re. Appeal 03-2597**

| | | |
|---|---|---|
| Pet. For Certiorari | 07/15/04 | |
| Order | 10/04/04 | Petition Denied |

**04-1670**

| | | |
|---|---|---|
| Docketed by Cir | 05/25/04 | |
| Gov Mot/Memo | 09/16/04 | Motion for Summary Disposition filed |
| Def's Brief filed | 09/22/04 | |
| Judgment | 11/01/04 | Govt's Mot for Summary Disposition granted. Mot. under 18/3582(c)(2) is criminal in nature - therefore, appeal from denial of such mot must comply w/Fed. R. App. P. 4(b) - whether or not appellant recd timely notice of the denial. The order denying appellant's mot to reopen time for filing notice of appeal is affirmed. |
| Mandate | 01/20/05 | |

**04-9683 (S.Ct.) - Re. Appeal 04-1670**

| | | |
|---|---|---|
| Pet. For Certiorari | 04/07/05 | |
| Order | 05/16/05 | Petition Denied |

**CA 05-413T – Re. N.D.N.Y. 9:03-cv-01396-FJS-DRH**

| | | |
|---|---|---|
| §2241 filed NDNY | 11/20/03 | |
| §2241 transferred | 10/06/05 | |
| Govt Resp filed | 12/28/05 | |
| Notice of Appeal | 02/02/06 | Filed |
| Order | 02/08/06 | Dismissing §2241 Petition Transferred In |

**N.D.N.Y. 9:06-cv-00046-TJM-DEP**

| | |
|---|---|
| §2241 filed NDNY | 01/12/06 |

**06-1268**

| | | |
|---|---|---|
| Docketed by Cir | 02/16/06 | Appeal of CA05-413T - dismissal of §2241 |