**UNITED STATES DISTRICT COURT**

**IN THE DISTRICT OF RHODE ISLAND**

Alonzo Voelker,
Petitioner

v. " CA No. 01-621T

" CR No. 00-18T

UNITED STATES AMERICA,
Resondant "

**PETITIONER'S TRAVERSE AND RESPONSE TO THE GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO CORRECT JUDGMENT PURSUANT TO TO RULE 60(b)(6), FED.R.CIV.P.**

**COMES NOW**, Alonzo Voelker, hereinafter "petitioner", appearing specially in propria persona, and moves this Honorable Court with this Traverse and Response ("Traverse & Response") to the Government's Objection to petitioner's motion to correct judgment pursuant to Rule 60(b)(6), Fed.R.Civ.P. ("Govt's Objection").

Releventy, since the inception of these proceedings petitioner has appeared in propria persona. As the Sixth Amendment right to legal counsel does not apply to habeas corpus proceedings, or post conviction remedy appeals. See PA. v. Finly, 481 US 551, 555-56 (1987). Therefore, petitioner respectfully requests that this Honorable Court construe this humble "Response" in a liberal manner as is articulated in the Supreme Court decision of Haines v. Kerner, 404 US 519 (1972).

## I. INTRODUCTION

Succinctly, since this Honorable Court's familiar with petitioner's proceedings of conviction. The petitioner will limit this introduction to the

relevant facts that have induced the "Govt's Objection" that the petitioner now files the instant "Traverse & Response" herein.

On December 7, 2005, petitioner filed a Motion to Correct Judgment pursuant to Rule 60(b)(6), Fed.R.Civ.P. To challenge the integrity of the United States District Court's ("USDC") proceedings in denying petitioner's previously filed motion pursuant to 28 USC § 2255.

On March 2, 2006, the Government ("Gov't") through Gerard B. Sullivan, AUSA, filed an "Objection." Which has induced this current "Traverse & Response" by petitioner in opposition of the Govt's numerous suggestions and insinuations. Therefore, petitioner will rebut the Govt's various arguments in the order in which they appear within the Govt's March 2, 2006 "Objection."

## II. THE GOVERNMENT'S SYNOPSIS OF PETITIONER'S PROCEEDINGS OF CONVICTION ARE INACCURATE AND IRRELEVANT AS TO THE INSTANT PETITION OF RULE 60(b)(6), FED.R.CIV.P.

The Gov't attempts to paint an inaccurate picture of petitioner as some drug "kingpin" that was afforded extraordinary leniency from the Court. In only receiving a 15 (sic) year sentence instead of the life of imprisonment that the Gov't saved him from. Which would be permissable if the Gov't was able to prove that petitioner was guilty of Continuing a Criminal Enterprise pursuant to 21 USC § 848. Albeit, the petitioner did not put the Gov't through the rigors of trial and the "CCE" was not prosecuted as part of the plea agreement.

Relevantly, the Govt's analogies have absolutely no legal authority within the instant proceedings. Although, the Gov't attempts to influence the Court's legal views by "setting the table" with insinuations of no legal

relevance. Thus, advocating the dismissal of the current petition by evading the issue of the integrity of the proceedings of the denial of petitioner's previous § 2255. Thereby, alluding to an undertone that petitioner should be lucky that all he received was almost two decades of imprisonment. Considering that the circumstances referenced by the Gov't are largely inaccurate, exaggerated, or are based on notions that petitioner was never convicted of. The petitioner is compelled to respond to the Govt's illusive assertions in an effort to avoid any prejudice within the outcome of these proceedings.

The Gov't suggests that the petitioner was leniently sentenced to a seemingly lengthy "fifteen years" of imprisonment. ("Govt's Objection" ¶ 2). When actually petitioner was sentenced to a term of 188 months (15 years/8 months) by the "USDC." Because the "USDC" was not aware of that the petitioner was subject to an undischarged term of imprisonment, and petitioner's incompetent attorney assumed that the prior sentence was concurrent. Petitioner will serve two additional years equalling a total of 212 months (17 years/6 months). Contrary, to the "drop in the bucket" concept the Gov't portrays. The petitioner began his incarceration at 25 years of age (1999) and as it stands will greet 5 years of supervised release at 41 years of age (2015).

Despite the Govt's "Pablo Escaboresque" description of the petioner and the underlying conviction. Petitioner was a mere drug addict, and by his own admission he employed a "circus show" rather than the sophisticated drug operation that the Gov't describes. As is evident by the 23 grams (not even an ounce) of crack cocaine that petitioner was convicted of. "PSR" ¶ 13. Additionally, petitioner had and has no financial assets from his miraculous drug empire. Resulting in his mother having to pay for his attorney from her

retirement savings. (See Sentencing Hearing Transcripts).

Furthermore, there is no proposition for the Gov't to raise any reference to "CCE." Petitioner was not convicted of "CCE", therefore it has no legal authority or relevance to the instant petition. Arguably, a conviction would be impermissable in any event due to the lack of the required predicate acts within the petitioner's indictment. Which have to be proven to a jury or admitted by a defendant. See United States v. Richardson, 526 US 813 (1999) 143 L.Ed 2d 985.

(a) PETIONER'S PREVIOUS FILINGS

As the Gov't describes the petitioner has enbarked on a protracted journey of post conviction litigation of viable legal issues. Which rarely get heard on face value, but denied "at all costs" by some procederal "trap door." That includes various violations of the petitioner's constitutional rights where the Gov't has agreed, objected, and utilized all artifices to prevent petitioner from obtaining relief. Including, but not limited to exploiting the fact that the Clerk of Court never sent the Courts denial of petitioner's § 3582 motion. Resulting in petitioner not being able to file a timely Notice of Appeal and denying him access to the Courts. (See Appeal No. 03-2597).

In conclusion of this rebuttal of the rhetoric that has no legal consequence to the instant proceedings. Petitioner accepts total responsibility for his crimes against society, but serving over 17 years is more equatable to murder not drug addiction. As every one knows that petitioner is yet just another victim of the "war on drugs" through an outdated political initiative. A person that commits the most gruesome crimes of rape, molestation, or murder often times serve less than half the current draconian sentence that petitioner is serving. Regardless if this Court never gives the petitioner his just relief

by adhering to the applicable higher Court decisions. The fact of the matter is that the petitioner is spending the most importain years of his life in prison for being an opportunistic drug addict. With immense respect afforded to the Court it is what it is. There has never been a published Circuit or Supreme Court opinion claiming a defendant was to diligent.

III. THE INSTANT PETITION SHOULD NOT BE CONSIDERED A SECOND OR SUCCESSIVE 28 U.S.C. § 2255 PETITION AS HE DID NOT ASSERT OR RE-ASSERT ANY 'CLAIMS'

Petitioner asserts that he is cognizant of the narrow interpratation as setforth in the decision of Gonzalez v. Crosby, 125 S.Ct. (2005). As he was when he carefully articulated the instant petition inserting numerous "checks & balances" insuring that he did not assert or re-assert any claims that would enable the Gov't to utilize the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in evading the meritorious arguments that were contained therein. (See Rule 60(b)(6) ¶ 2, ¶ 13).

Whereas ironically the Gov't cited case law that actually supports the petitioner's petition rather than the Govt's argument. As the Govt's cases denote the petitioner makes no attempt to setforth any claims, however does seek to impune the integrity of the judicial reasoning that was used to deny him relief. Wherein petitioner specifically and unambiguously stated that he does not dispute his conviction. (See Rule 60(b)(6) ¶ 2). See also Rodwell v. Pepe, 324 F.3d (1st Cir. 2003); Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003)(Gov't cited cases that actually support the same proposition that petitioner utilized within Gonzalez contrary to the Govt's argument).

Despite the Govt's suggestions, the petitioner did not bringforth any new claims. ("Govt's Objection" ¶¶ 3, 4). The petitioner has only asserted the erroneous reasoning employed by the Court in informing judgment in the previous pleading in question. The three questions presented are misplaced as new claims by the Gov't in an attempt to induce a procedural windfall. These questions were utilized by petitioner to demonstrate the maturity of the judicial doctrine as it pertains to his previous pleadings. Specifically, the Supreme Court clarified its reasoning of their previous decision that formed the basis of petitioner's previous arguments. Which holds the reasoning that the Court utilized in the procurement of petitioner's § 2255 in error. Thereby, implicating the Doctrine of Stare Decisis in applying the reasoning that the Supreme Court intended as is reflected by the three questions. In an effort to prevent a debilitation of the integrity of the judiciary by not adhering to the Supreme Court's intentions.

Considering that petitioner inserted numerous "checks & balances" through out the entire petition to assure that none of its contents could be viewed as a claim by the Gov't. Being cognizant of the liberal reading insured by the Supreme Court decision of Haines v. Kerner, 404 US 519 (1972). There can be no reasonable reading of the petition in question that would lead credence to the Govt's postulation that petitioner made new 'claims.' Thereby, preventing the Gov't from exercising the familiar strategy of designating the instant matter as a second or successive habeas petition.

(a) PETIONER'S PREVIOUS FILINGS WERE DECIDED IN ERROR WHICH COMPROMISED THE INTEGRITY OF THOSE PROCEEDINGS

The Gov't asserts that petitioner has procedurally defaulted his claims

for various reasons of which only one is persuasive. "To the extent that Voelker raised an Apprendi issue, it is decided." ("Govt's Objection" ¶¶ 10, 11). Petitioner agrees that it was "decided", but now we know that it was decided in error.

Succinctly, petioner's previous arguments were based on the principles of Apprendi v. New Jersey, 530 US 466 (2000) by holding that any fact that increases a defendant's sentence must be determined by a reasonable doubt or unambiguously admitted by the defendant. The Supreme Court's later ruling in Blakely v Washington, 124 S.CT. 2531, 2537 (2004) clarified the reasoning that the Supreme Court sought within their decision of Apprendi. Stating that "the 'statutory maximum' for Apprendi purposes (**emphasis added**) is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant... In other words, the relevant 'statutory maximum' is not the maximum he may impose without any additional facts." Id. at 2537.

Petitioner's previous argument was based on the lower Court's mistaken belief that the relevant "statutory maximum" for Apprendi purposes was the default maximum of 20 years within the Congressional Code. With the understanding that petitioner's supervised release is part of his term of imprisonment that exceeded the misconceived 20 years that the Court designated as the "statutory maximum" for Apprendi purposes.

The consequential part of petitioner's previous pleadings is that they were based on Apprendi's recognition of the errors within the charging instrument. Which is evident by petitioner's first question asking if the District Court correctly interpreted the penalty provisions of a conviction based solely on 21 USC § 841(a), and the argument ensued therein. Therefore,

when the governing First Circuit recognized that the intended "statutory maximum" for Apprendi purposes in United States v. Savarese, 385 F.3d 15, 21 (1st Cir. 2005) that was clarified in Blakely. The preserving fact was not to what degree petitioner challenged his sentence, but that the Apprendi error existed. Based on petitioner's previous pleadings and the growth of judicial doctrine implicates the Doctrine of Stare Decisis. Wherein the First Circuit recognized their error in designating the wrong reasoning in applying the "statutory maximum" for Apprendi purposes.

Furthermore, contrary to the Govt's assertions, his Apprendi argument was bound within his § 2255 through his plea argument. Which the Gov't failed to mention in its "Objection." (See Rule 60(b)(6) ¶ 5).

(b) A RETROACTIVITY ANALYSIS IS NOT NECESSARY AS TO PETITIONER'S REQUESTED RELIEF

Despite the Govt's allegations, petitioner does not make any claims of error due to the recent rulings of Blakely v. Washington, 124 S.Ct. 2531 (2004); or United States v. Booker, 125 S.Ct. 738 (2005). Only, the recognition within the opinion of Blakely that clarified the reasoning in the term "statutory maximum" for Apprendi purposes. As petitioner's previous Apprendi claim was made before his conviction became final and was unquestionably decided in error. As we now know that Apprendi does apply in the context of a plea United States v. Cordoba-Mergas, 422 F.3d 65 (2nd Cir. 2005), and the "statutory maximim" for Apprendi purposes was clarified in the Blakely opinion not the ruling. See United States v. Savarese, 385 F.3d 15, 21 (1st Cir. 2005). Since obviously this clarification is what the Supreme Court originally intended as the definition of "statutory maximum" there has been no new 'claim' that would require a retroactivity analysis. Therefore, more appropriately

the current circumstances implicate the Doctrine of Stare Decisis. Whereas now the judiciary as well as this humble pro se litigant knows what the Supreme Court intended for the term "statutory maximum" for **not** Blakely, or Booker, but unambiguously **Apprendi purposes.** Through "the growth of judicial doctrine" this Court must apply the statutory precedents that were clarified in Blakely. See In Re Zurko, 142 F.3d 1457, 1458 (Fed. Cir. 1998); Quoting Patterson v. McLean Credit Uniion, 491 US 164, 172, 73, 109 S.Ct. 2353, 105 L.Ed 2d 132 @ 173-74 (1989).

## IV. CONCLUSION

In conclusion, petitioner once again requests that this Court's indulgence in recognizing that providing legal analysis as to the Court's reasoning as it relates to the underlying proceedings [§ 2255], petitioner makes no attempt to setforth any 'claims', however due to the growth of judicial doctrine, seeks to impune the judicial reasoning that was utilized to deny him relief. The relevant sentence was based on 'charges' that petitioner was never properly charged with. There is no valis indictment for the crime[s] that were utilized to enhance petitioner's sentence, as violation of a generic statute with no specified quantity of drugs constitutes a different charge than 21 USC § 841(a)(1) with a specified quantity of drus, and the applicable statutory penalt[ies] vary accordingly. See United States v. Outen, 286 F.3d 636 ("in such situations § 841(a)(1) no longer presents the entire offense; one element of the crime is to be found in § 841(b)[(1)(A)] instead"); United States v. Gonzalez, 420 F.3d 125, 133 (2nd Cir. 2004). See also United States v. Gaskin, 364 F.3d 438, 452-56 (2nd Cir. 2004)("the addition of a drug quantity element to a

§ 841(a)(1) offense to result in a different criminal charge from the same offense pleaded without regard to quantity ... does more than gild the original charges. They replace them with different charges..."). With the maturity of the Apprendi decision this Court employed an erroneous reasoning in informing judgment which has implicated the integrity of the Court.

Therefore, petitioner respectfully asks this Court to restore the intgrity within the Court and apply the reasoning that the Supreme Court intended within petitioner's previous pleadings.

Respectfully Submitted,

Alonzo Voelker

---

* Petitioner made a typo error within the original pleading in forgetting to insert the subdivision of Rule 60(b) in which was intended. Please regard this pleading under subdivision (6) in the notion of a liberal reading. See Haines v. Kerner, 404 US 519 (1972).

CERTIFICATE OF SERVICE

I, Alonzo Voelker, as petitioner herein, do herby attest and affirm that all of the facts and statements as made herein are true, correct, certain and complete and are not meant to mislead, further they are made knowing the penalty for bearing false witness.

On this 10th day of March A.D. 2006, a true and correct copy of the enclosed was mailed via first class mail, pre-paid postage and addressed to and in the following manner to wit.

United States District Court
1 Exchage Terrace
Providence, RI 02903

U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Alonzo Voelker

*This brief has been mailed according to the "mail box rule" of Houston v. Lack, 487 US 266 (1988).